FOWLER & UNION HORSE NAIL CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19114. Promulgated June 18, 1929.

*George J. Zeiss, C. P. A.,* for the petitioner.
*John E. Marshall, Esq.,* for the respondent.

OPINION.

TRAMMELL: By this proceeding, the petitioner seeks a redetermination of its income-tax liability for the calendar years 1921, 1922, and

1923. However, it appears from the deficiency letter, a copy of which is attached to the petition, that the respondent has determined neither a deficiency in tax nor an overassessment for the year 1921, and as to that year, we have no jurisdiction. The proceeding, in so far as it purports to involve the calendar year 1921, is dismissed. *Peninsular State Bank of Detroit*, 3 B. T. A. 399; *Cornelius Cotton Mills*, 4 B. T. A. 255.

For 1922 and 1923 the respondent determined deficiencies in the amounts of $2,739.90 and $1,332.51, respectively. The petitioner complains that in computing said deficiencies the respondent erroneously disallowed certain deductions on account of moving expenses.

The petitioner is a Connecticut corporation, with its principal office at Buffalo, N. Y., and is engaged in the manufacture of horseshoe nails. Prior to the year 1920 the petitioner operated two plants, one of which was located at Seymour, Conn., and the other at Chicago, Ill. These plants had been in existence since 1865 and 1874, respectively. As production increased, additions were made to the plants from time to time. The manufacturing operations at these enlarged plants were not carried on as efficiently as before the additions were made, as it was necessary to carry the goods in process back and forth, in and out, from one building to another; and working the plants on an overtime basis entailed the payment of time-and-a-half wages for the ordinary operatives and double-time wages for the mechanics.

A manufacturing or factory site was purchased at Buffalo, N. Y., in 1917 and a new plant erected thereon, which was finished in 1920, at which time the machinery and equipment of the Seymour and Chicago plants were dismantled and moved to Buffalo.

The cost incurred in moving the plants amounted to the total sum of $53,300.62, consisting of the following items:

| | |
|---|---:|
| Labor | $29,072.71 |
| Freight and cartage | 7,532.04 |
| Carfare and expenses of employees | 16,695.87 |
| | 53,300.62 |

In determining the petitioner's tax liability for 1920 the respondent treated the entire amount of $53,300.62 as an ordinary and necessary business expense, deductible from income for the year in which the plants were moved and the expenditures made. The petitioner charged the whole amount to expense, and sought to prorate it over a five-year period, claiming deductions for 1921 of $12,275.44, for 1922, $10,660.12, and for 1923, $10,660.12. The petitioner now concedes in its brief that the amounts expended should not have been set up on its books as expense and written off over a period of five years, but contends that the amount of $7,542.04 only should have been charged to expense in 1920 and the balance of $45,758.58 should

have been charged to the machinery account and depreciated as additions and replacements.

The cost of moving machinery from one location and resetting it in a new location does not constitute an improvement or capital expenditure, but is an ordinary and necessary business expense. *MacAdams & Foster, Inc.*, 8 B. T. A. 967; *Eastern Shoe Manufacturing Co.*, 8 B. T. A. 1169. See, also, *Northern Michigan Transportation Co.*, 3 B. T. A. 255, and *L. A. Thompson Scenic Railway Co.*, 9 B. T. A. 1203.

On the authority of those cases, we must approve the determination of the respondent.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

MURDOCK, dissenting: I dissent from the foregoing opinion for the reason that I do not believe the expenses of moving the machinery from Connecticut and Illinois to Buffalo, N. Y., constitute an ordinary and necessary expense paid or incurred during the taxable year in carrying on any trade or business. The petitioner would enjoy the benefit of having the machinery in the new location as long as it used the machinery in that new location, and there is no reason why the expenses of moving the machinery to this new location should be charged to the operation of one year.

GREEN agrees with this dissent.