**GLENDINNING, McLEISH &.CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 74.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1932.

Wm. E. Russell and Joseph B. Miller, both of New York City, for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Morton X. Rothchild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Harold Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondents.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

■ The contention of the petitioner that the agreement for reimbursement applied only to subdivision (b) of paragraph (6) flies in the face of the fact that there was not only no limitation in terms to subdivision (b), but an apparent impossibility of performance if it covered only that. For, if the Belfast company upon dissolution should be without assets sufficient to pay to its preferred stockholders the par value of the preferred stock then outstanding, it would, of course, be without funds with which to reimburse the petitioner for any payments it made under subdivision (b). While nothing as to ability to perform is now directly before us, we mention this feature to point out that so far as the record now stands it would seemingly be impossible to give substance to the agreement to reimburse the petitioner. and read into the language used a limitation that would exclude subdivision (a) from its coverage. For present purposes, that is but an added reason for declining to accept the construction urged by the petitioner in restriction of the natural, broad meaning of the words the parties chose to use.

█ Being advances made by the petitioner in accordance with its agreement to make them and the agreement of the Belfast company to repay them, the amounts here involved were not within the statute (Revenue Act 1921, § 234 (a) (1), 42 Stat. 254; Revenue Acts 1924, 1926, § 234 (a) (1), 26 USCA § 986 (a) (1), permitting the deduction of ordinary and necessary business expenses, since they could not be expenses of any kind provided the petitioner could and did enforce its right to reimbursement. Although we know that it has not, there is no proof that it could not have required the agreed repayment if it had elected to do so. Perhaps it would be going far to call these advances loans in the ordinary sense, but there is no occasion to define them precisely, for we are now concerned only with their deductibility for the computation of the net income for purposes of taxation, and it is enough to determine negatively only that in none of the taxable years was the payment made in that year an expense of the business. The agreement for reimbursement made them at least advances on the credit of the Belfast company, and requires that they be so treated in computing the net income of the petitioner. As such they were not deductible. Cohan v. Commissioner (C. C. A.) 39 F.(2d) 540; Island Petroleum Co. v. Commissioner (C. C. A.) 57 F.(2d) 992.

In view of the above, we have no occasion to consider whether, in the absence of any agreement to reimburse, these payments would have been properly charged to business expense or would have been capital expenditures.

Affirmed.