**ALL RUSSIAN TEXTILE SYNDICATE, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 34.

Circuit Court of Appeals, Second Circuit. Jan. 9, 1933.

Courtland Kelsey, of New York City, for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Carlton Fox, Sp. Assts. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. M. Mather, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner, a New York corporation with its principal place of business in New York City, acted as the purchasing agent for a Russian organization whose identity remains undisclosed. It made purchases in this country of goods as desired, cotton being the main commodity, and shipped them to its principal in Russia. The arrangement under which this was done is somewhat vaguely outlined, but enough appears to show that the Russian principal was to reimburse the petitioner for the purchase price of the goods and for all expenses it incurred in buying the goods and forwarding them to Russia. The petitioner financed itself in the first instance with money borrowed in this country which it kept on deposit in banks in New York that paid the petitioner interest on it and it at times made trades in cotton futures which resulted in a profit. When it was reimbursed by its principal, the amounts so received as interest and as profits were allowed as a credit to the principal so that the petitioner actually received its disbursements less such interest and profits. The deficiency assessments were made by the Commissioner to cover the interest and profits as taxable income of the petitioner for the periods given above, and these assessments were upheld by the Board of Tax Appeals.

██ The interest was earned by the petitioner's money and actually received. The profits on trading in cotton futures were derived from its business and actually received. That such amounts were properly included in its gross income needs no more support than a

reading of the statute. Revenue Acts of 1924 and 1926, § 213 (a), 26 USCA § 954 (a).

The only debatable question is whether the petitioner is entitled to deductions which will leave no net income to be taxed. As the Board of Tax Appeals has already decided that adversely to the petitioner it, of course, now has the burden to show error.

The only deductions claimed are the amounts which the petitioner paid to the sellers of the goods it bought and the expenses it incurred in acting as a purchasing agent. A moment of reflection is all that is needed to realize that, in so far as the arrangement between the petitioner and its principal has been disclosed, these expenses were as much a part of the cost to the principal of the goods purchased as the money actually paid to the sellers. All these sums, whatever they were and whatever they were for, added together show what the principal was to pay for what the petitioner purchased in its behalf. None were sold. At least there is no such proof. They were simply forwarded to the Russian organization. Had the principal carried out the arrangement to reimburse the petitioner in full for all it had expended, the petitioner would have had left the interest it received and the profits it made in cotton futures as its net income. Instead, either as a result of a previous understanding or by mutual agreement when reimbursement was made, the principal was allowed to pay the petitioner in full settlement just so much less than it originally agreed to pay. If this was done under a previous agreement that what the petitioner made by trading in cotton futures and what interest its money earned should belong to its principal, such an agreement was ineffective to do away with the taxability of that income to the petitioner. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731; Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665; Commissioner of Internal Revenue v. Field (C. C. A.) 42 F. (2d) 820. But of course there is no such proof. If, as perhaps should be assumed, and in any event it is the only alternative, the petitioner gave its principal the benefit of these amounts without any previous arrangement in that regard it merely made its principal a gift of what had become its income. Certainly it needs nothing to justify the assertion that income is none the less taxable because the recipient sees fit to give it away after it has been received. Consequently, the petitioner has failed to show that its net income has been erroneously computed in making the deficiency assessments.

Affirmed.