OPINION. Pierce, Judge: We approve respondent’s determination. Accordingly, we hold that the benefits of section 107 (a) of the Internal Eevenue Code (1939) are not available to the petitioner. First, it is to be observed that section 107 (a) provides for allocation of compensation included in the gross income; whereas the petitioner seeks to reduce the decedent’s compensation to a net basis, by deduction of various claimed expenses. It is our opinion that this does not conform with the statute. Cf. Weldon D. Smith, 17 T. C. 135, 144, reversed on other grounds 203 F. 2d 310. Secondly, the expenses which the petitioner seeks to deduct are items for which the decedent could have obtained reimbursement from the trust funds, under the express provisions of the trust indenture. The trust was solvent, and on termination there remained assets for distribution. Thus, even assuming the validity of the expense items, they represent not expenses of the decedent, but rather reimbursable advances for which deductions are not allowable. Glendinning, McLeish & Co., 24 B. T. A. 518, 523, affd. 61 F. 2d 950; Standard Oil Co. of New Jersey, 7 T. C. 1310, modified 11 T. C. 843; Horace E. Podems, 24 T. C. 21. Finally, even if the expenses were not reimbursable, the petitioner has failed to establish that they would qualify for deduction. All amounts were estimated; and the evidence concerning them is insufficient to overcome the respondent’s challenge to their validity. The amounts claimed for 1942 and 1943 were not paid or accrued by the decedent in those years; nor were they claimed in 1945, when the decedent’s returns for those years were audited, and adjusted by agreement with the decedent. All office expenses actually were paid by the partnership; and they were currently taken into consideration in determining the distributive shares of the partners. The 1947 revision of the partnership accounts reflected a new method of accounting between the partners, which differed from the method used in 1942 and 1943 when the deductibility of the items by decedent became determinable. Moreover, the revision of accounts was not made consistently for all years, with the result that it effected a distortion in the relationship of the 1942 and 1943 accounts of both the partnership and the decedent, as compared to the accounts for all other years, including the year 1944. Also, notwithstanding that the office was used extensively by the decedent in 1942 and 1943, in performing services as vice president of the Water Heater Corporation, no portion of tbe office expense was charged against the salaries and fees which he received from that corporation and its subsidiaries. We regard the amounts claimed as expenses to be both unreliable and unproved. By reason of the holdings above made, it is unnecessary for us to consider respondent’s further contention: That the petitioner, in seeking the benefits of section 107 (a), has improperly excluded from the decedent’s compensation in respect of the trust, all amounts received from the corporations which were used by the trustees to operate the trust assets, and one of which was organized by the trustees for such purpose. Decision will be entered for the respondent.