ESTATE OF ELMER B. BOYD, DECEASED, CITY BANK FARMERS· TRUST CO., AND RUTH O'DAY RIDDER, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56165. Filed May 31, 1957.

*Harold M. Blanchard, Esq.*, for the petitioner.
*Scott A. Dahlquist, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* Respondent determined deficiencies in income taxes of Elmer B. Boyd for the taxable years 1949 and 1950 in the amounts of $1,878.43 and $2,691.17, respectively. Subsequent to the issuance of the notice of deficiency, but before the filing of the petition in this case, Elmer B. Boyd agreed to a part of the deficiencies in amounts of $654.72 for the year 1949 and $2,056.81 for the year 1950 and said sums were paid, thus leaving at issue in this proceeding respondent's determination of tax deficiency for the year 1949 in the sum of $1,223.71 and for the year 1950, the sum of $634.36. After Elmer B. Boyd filed his petition in this case he died testate on February 7, 1955, and thereafter his estate was substituted as party petitioner.

The single question presented as to the deficiencies remaining in dispute is whether the owner of a one-half interest in income-producing realty may take a deduction for the full amount of the necessary repairs for the common property paid by him during the taxable years involved.

The following agreed facts will suffice to present the issue:

During the years 1949 and 1950 Elmer B. Boyd was the owner of an undivided one-half interest in certain income-producing real

property which was rented for apartments in New Brunswick, New Jersey. The owner of the other one-half undivided interest in said real property during the taxable years 1949 and 1950 was a trust of which the City Bank Farmers Trust Company and Ruth O'Day Boyd were trustees. Elmer B. Boyd filed his income tax returns for the taxable years 1949 and 1950 with the then collector of internal revenue for the fifth district of New Jersey. In both income tax returns the taxpayer showed rental income from the property in which he owned an undivided one-half interest as 50 per cent of the total rental income. In the income tax return for the year 1949 the taxpayer showed a deduction for repairs and maintenance of said property paid by him in the sum of $4,438.88. In the tax return for the year 1950, the taxpayer showed a deduction for repairs and maintenance to said property paid by him in the sum of $1,936.40. Respondent disallowed one-half of the above amounts, or $2,219.44, for the year 1949 and $968.20 for the year 1950. The explanation of the adjustments in the notice of deficiency was worded as follows: "(a) Repairs and maintenance on rental property, held as tenant in common, in excess of your proportionate share in the amount of $2,219.44 [for 1949] and $968.20 [for 1950] have been disallowed as deductions as representing payments made on behalf of the co-owner of such property." The disallowance of said amounts as deductions gives rise to the only issue remaining in this case.

Petitioner claims the entire amount spent by Elmer B. Boyd on the property was necessary in order to maintain said real estate in a rentable and income-producing condition and therefore the entire amount was deductible under section 23 (a) (2) of the 1939 Internal Revenue Code.[1] Respondent contends that inasmuch as Elmer B. Boyd was the owner of only a one-half undivided interest in the property he is restricted to the deduction of one-half of the amount expended for repairs. It is admitted the repairs were necessary.

It is a fundamental rule of property law that co-owners share necessary expenses of the repair of the common property in proportion to their ownership. A tenant in common, who makes necessary repairs on the common property, is entitled to reimbursement from other co-tenants. Restatement, Restitution sec. 105. *Lach* v. *Weber*,

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

\* \* \* \* \* \* \*

(2) Non-Trade or Non-Business Expenses.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

123 N. J. 303, 197 Atl. 417. The owner of an undivided one-half interest in realty who pays for necessary repairs to the realty, is entitled to reimbursement for one-half thereof. It follows that one-half of the repair bill is not the "ordinary and necessary expenses" of the co-tenant who paid the entire bill. In *Levy* v. *Commissioner*, 212 F. 2d 552, affirming Memorandum Opinion of this Court, it is said (at p. 554):

It is well settled that expenses for which there exists a right of reimbursement are not ordinary and necessary business expenses within the meaning of Section 23 (a) (1) of the Internal Revenue Code * * *. Glendinning, McLeish & Co. v. Commissioner, 2 Cir., 61 F. 2d 950; All Russian Textile Syndicate v. Commissioner, 2 Cir., 62 F. 2d 614; Universal Oil Products v. Campbell, 7 Cir., 181 F. 2d 451.

Obviously the phrase "ordinary and necessary expenses," as used in section 23 (a) (2), is to have the same meaning as has been given to the same phrase in section 23 (a) (1). *Trust of Bingham* v. *Commissioner*, 325 U. S. 365. Under either section the permitted deduction is for expenses and the expenses must be both ordinary and necessary. There might be doubt that the expense, in excess of one-half, when paid by the owner of a one-half interest would be "ordinary"—on the theory that it is like paying the obligation of another. See *Welch* v. *Helvering*, 290 U. S. 111.

The deduction under section 23 (a) (2) as here applicable is for "expenses paid * * * during the taxable year for the * * * maintenance of property held for the production of income." This obviously means for the production of the taxpayer's income. In *Frederic A. Seidler*, 18 T. C. 256, 260, we held the above statute "contemplates situations where the property is so held for the production of income for the taxpayer himself." Here the taxpayer reported rental income as 50 per cent of the total. There must be a connection between the property interests upon which the division of the entire rental income is based and the amount of deductible expenses by the owners of the property interests. In *Trust of Bingham* v. *Commissioner, supra*, it is held (at p. 370):

The requirement of § 23 (a) (2) that deductible expenses be "ordinary and necessary" implies that they must be reasonable in amount and must bear a reasonable and proximate relation to the management of property held for the production of income. * * *

Each co-tenant owned separate property interests in the common property that produced separate income to each, and the separate expenses that are deductible by each is that portion of the entire expense which each separate interest bears to the whole, and no more.

Petitioner makes much of the fact that there was no agreement between the co-tenants for reimbursement. The fact is immaterial.

The point is the right to reimbursement existed—and we do not understand petitioner to argue it did not—and it is of no consequence whether the right to reimbursement arose by contract or a legal relationship as to the common property.

*Decision will be entered for the respondent.*