THE ELECTRIC TACHOMETER CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84605. Filed October 31, 1961.

---

*C. Walter Randall, Jr., Esq.*, for the petitioner.
*Stephen P. Cadden, Esq.*, for the respondent.

OPINION.

Scott, *Judge:* Respondent determined deficiencies in petitioner's income tax for the years 1953 and 1954 in the amounts of $11,261.45 and $1,239.28, respectively. The question for decision is whether certain amounts deducted by petitioner as moving expenses in the years 1955 and 1956 constituted ordinary and necessary business expenses deductible in computing petitioner's net operating loss carrybacks from the years 1955 and 1956 to the years 1953 and 1954.

All of the facts are stipulated and are found accordingly.

Petitioner is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices in Philadelphia, Pennsylvania. Petitioner's Federal income tax returns for the taxable years 1953, 1954, 1955, and 1956 were prepared on an accrual basis and were filed with the district director of internal revenue at Philadelphia, Pennsylvania.

In 1954 petitioner was conducting its business on premises owned by it at 2218–22 Vine Street, Philadelphia, Pennsylvania. In March 1954 it received a letter from the district engineer of the Pennsylvania Department of Highways, informing it that it had been found necessary to appropriate for highway purposes the premises upon which petitioner was conducting its business operations. The letter stated that such appropriation was made by the Pennsylvania Department of Highways on March 8, 1954, under the right of eminent domain and that this letter was formal notice to petitioner of such appropriation. The letter further stated that in the immediate future petitioner would be supplied with blueprints showing the areas involved, as well as forms for use in submitting any claim which it had for damages, and that upon receipt of such claim it would be examined on its merits and an endeavor made to arrive at an amicable settlement. The petitioner was further informed that while the property had been condemned for right-of-way purposes, the Pennsylvania Department of Highways did not propose to take immediate physical possession of it but might wish to commence right-of-way clearance in the early part of the coming summer, that issuance of formal eviction notices would be delayed as long as compatible with the present plans of the highway department, but that petitioner was urged to make arrangements for rehabilitation elsewhere at the earliest possible date. A claim number was set forth at the top of the letter, and petitioner was requested to use that number in any correspondence about its claim. On May 24, 1955, the Department of Highways caused a formal eviction notice to be served on petitioner, advising it that the department intended to commence demolition and right-of-way clearance no later than July 1,

1955, and that petitioner should make arrangements to remove all personal effects from the condemned property by that date.

In the late spring of 1955 petitioner purchased a new building at 68th and Upland Streets in Philadelphia, Pennsylvania, and shortly thereafter commenced moving to the new location. During the taxable year 1955 petitioner incurred the following costs and expended the following amounts in connection with moving its machinery, equipment, inventory, files, furniture, and furnishings to its new location:

| | | | |
|---|---|---|---|
| Moving partitions | $3,499.46 | Moving display window | $540.51 |
| Moving benches and shelves | 2,944.56 | Moving air and gas lines | |
| Cartage costs | 3,114.38 | for machines | 975.60 |
| Dismantling | 4,740.54 | Miscellaneous | 712.53 |
| Reassembling | 9,500.28 | | |
| | | Total | 26,027.86 |

During the taxable year 1956 petitioner incurred and paid additional costs in connection with such moving amounting to $2,119.97.

Petitioner instituted legal proceedings in the Court of Quarter Sessions of Philadelphia County, Pennsylvania, to have a Board of View determine the proper amount of damages to be awarded to it for the taking of its property. Testimony was presented to the Board of View on January 9 and 23, 1957, February 14, 1957, and March 4, 1957. At the hearings before the Board of View petitioner offered testimony of two witnesses as to the value of the real property, one of whom valued such property at $100,000, and the other, at $90,000. Petitioner also offered testimony of a witness as to the value of its machinery before and after moving, and further, offered testimony that its moving expenses were $81,690.10. The testimony of an expert witness who made an appraisal of petitioner's damages at the request of the Pennsylvania Department of Highways was offered at this hearing in defense against petitioner's claim. This witness testified that the value of the real property taken was $79,500 and the difference in the value of the machinery before and after moving was $12,831 which was his appraisal of the cost of moving such machinery.

In March 1957 after the testimony had been presented to the Board of View petitioner and the Pennsylvania Department of Highways agreed to settle the whole controversy upon the payment of $126,100 by the department to petitioner in full payment of all damages and interest. In April 1957 this amount was paid to petitioner and the matter concluded. A stipulation of the parties filed with the court provided that it was agreed that an award be made by the board in favor of petitioner "in the sum of One Hundred twenty-six thousand, one hundred dollars ($126,100.00), which award shall be damages in full for the taking of the said ground and buildings in the above mentioned condemnation proceedings." Petitioner executed a deed of release and quitclaim to the Commonwealth of Pennsylvania, and a

court order was entered in accordance with the settlement stipulation of the parties.

Respondent, in his notice of deficiency, disallowed the deductions in the amounts of $26,027.86 and $2,119.97 claimed by petitioner in the years 1955 and 1956, respectively, as moving expenses, and thereby reduced the net operating loss carryback to the years 1953 and 1954 which had been previously allowed to petitioner pursuant to a tentative claim therefor with the following explanation:

> It is held that moving expense deductions of $26,027.86 and $2,119.97 in 1955 and 1956, respectively, are not allowable as ordinary and necessary business expenses within the purview of section 162 of the Internal Revenue Code of 1954, but are regarded as reimbursable expenditures recovered through the condemnation award of $126,100.00 received in 1957 from the Commonwealth of Pennsylvania.

It has long been recognized that the expenses of physically moving machinery or equipment from one building or location to another as distinguished from improvements added or new installations made at the time of the move are ordinary and necessary business expenses. *Fowler & Union Horse Nail Co.*, 16 B.T.A. 1071, 1073 (1929), and cases there cited. Cf. *Mercantile National Bank at Dallas*, 30 T.C. 84 (1958), aff'd. 276 F. 2d 58 (C.A. 5, 1960).

The parties here have stipulated that the expenses involved were for moving petitioner's machinery and equipment from the old location to the new after appropriation of its property by the Commonwealth of Pennsylvania. Respondent contends that these expenses are not properly deductible by petitioner since it had a right to reimbursement therefor.

Where a taxpayer makes expenditures under an agreement that he will be reimbursed therefor, such expenditures are in the nature of loans or advances to another or of payment on behalf of another and are not deductible as business expenses of the taxpayer making the payment. *Glendinning, McLeish & Co.*, 24 B.T.A. 518, 523 (1931), aff'd. 61 F. 2d 950 (C.A. 2, 1932), and *Estate of Elmer B. Boyd*, 28 T.C. 564 (1957). However, an otherwise proper deduction should not be disallowed in the year in which it is paid or incurred because of the existence of a possibility that at some future date the taxpayer might receive a reimbursement therefor. *Alleghany Corporation*, 28 T.C. 298, 305 (1957).

Petitioner here contends that its moving expenses were incurred and paid in 1955 and 1956, that at the time these amounts were paid there existed no agreement by the Commonwealth of Pennsylvania to reimburse it therefor, but only a contingency that at some future date its claim for reimbursement would be allowed in whole or in part. In support of its contention petitioner relies on *Baltimore Transfer Co.*, 8 T.C. 1 (1947). Petitioner points out that its payment was not a voluntary payment of expenses of another but a result of its decision,

on being faced with the alternatives of moving its property or abandoning it, to move it.

Petitioner further contends that respondent is attempting, in effect, to determine its income on an overall basis of the final result of a transaction contrary to the established principle that taxes are computed on annual accounting periods and a taxpayer who keeps his books and reports his income on an accrual basis should deduct expenses when they are incurred. Cf. *Security Flour Mills* v. *Commissioner*, 321 U.S. 281 (1944).

Respondent argues that it has for many years been recognized that expenditures for fees incurred in realizing capital gains are deducted from gross to arrive at net gain and in a condemnation such expenditures are also treated as an offset against the amount received, citing *Towanda Textiles, Inc.* v. *United States*, 180 F. Supp. 373 (Ct. Cl. 1960). Respondent contends that a similar situation exists with respect to the moving expenses here involved. The question with which the court was dealing in *Towanda Textiles, Inc., supra*, differs from the question in the instant case. In that case the taxpayer was contending that the gain received from involuntary conversion of its property was long-term capital gain taxable as such and the amounts expended to obtain such gain were ordinary and necessary business expenses deductible in full from its ordinary income. The court there held that the expenses partake of the nature of the income to which they relate noting its disagreement with a contrary holding of this Court in *Ticket Office Equipment Co.*, 20 T.C. 272 (1953), affirmed per curiam 213 F. 2d 318 (C.A. 2, 1958).

The instant case deals with a different issue from that involved in *Towanda Textiles, Inc.*, and *Ticket Office Equipment Co., supra*. The expenses here in issue were ordinary and necessary moving expenses with the amount obtained in the condemnation being in no sense derived through the expenditures thereof except to the extent that petitioner might receive reimbursement therefor in whole or in part. Cf. *Cotton States Fertilizer Co.*, 28 T.C. 1169 (1957). The question here is whether there existed such a fixed right in petitioner to reimbursement for its moving expenses that the amounts paid by it were, in fact, in the nature of an advance to or payment on behalf of another. The facts in this case show that petitioner had no such fixed right to reimbursement.

The lengthy hearings and the various estimates given before the Board of View demonstrate the lack of definiteness of petitioner's right to recover the amounts of its moving expenses, as such, even though there did exist from the time its property was condemned a general right to recover damages caused by the condemnation, including, of course, some amount of damages because of its being required to move its machinery and equipment.

Under these facts, the right to receive reimbursement was not sufficiently fixed to make the expenditure in the nature of an advance or something other than an expense incurred in petitioner's business. The amount of the expense was fixed at the close of the taxable year in which it was paid and the contingency which existed was whether petitioner would be reimbursed for such payment. Cf. *Baltimore Transfer Co.*, *supra*. We hold that the moving expenses in the amounts of $26,027.86 and $2,119.97 incurred by petitioner in the years 1955 and 1956 are properly deductible in those years.

Because of uncontested adjustments,

*Decision will be entered under Rule 50.*