Francis M. Ellis and Violet V. Ellis v. Commissioner.
Ellis v. Commissioner
Docket No. 851-65.
United States Tax Court
T.C. Memo 1967-94; 1967 Tax Ct. Memo LEXIS 166; 26 T.C.M. (CCH) 450; T.C.M. (RIA) 67094; May 1, 1967
Francis M. Ellis, pro se, 125 Lincoln Ave., Mineola, N. Y. Agatha Vorsanger, for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $510.11 in income tax of the petitioners for 1962. The issues for decision are whether the Commissioner erred in disallowing the following deductions claimed on the return: $939.42 as business loss, *167 $688 as contributions, and $365 as entertainment expense. Findings of Fact The petitioners, husband and wife, filed a joint income tax return for 1962 with the district director of internal revenue at Brooklyn, New York. Francis had been employed by Mobil Oil Company since 1930 and during 1962 was so employed on a full time basis as a Division Staff Assistant. He reported a salary of $14,710.56 for 1962 and described his occupation as "Sales Management." The petitioners during 1962 made charitable contributions within the meaning of section 170(a) and (c) of the Internal Revenue Code of 1954 in the total amount of $788, as shown and claimed as a deduction on their return for 1962. The Commissioner, in determining the deficiency, disallowed $688 of the above amount for lack of substantiation. The Commissioner, in determining the deficiency, gave no reason but disallowed a deduction of $365, claimed on the return as $165 for entertainment of employees and $200 for entertainment of suppliers. It is stipulated that Francis "could have been reimbursed by Mobil Oil Company for these expenses; however, he did not request reimbursement." Francis' employment by Mobil was as a coordinator *168 of the sales of tires, batteries, accessories, specialties and antifreeze in the greater New York area. He did not supervise any other employee but was paid to keep sales, inventory, stocks, warehouses, deliveries, credit and adjustments in smooth operation. In order to obtain cooperation of other key employees and of suppliers he entertained some of each group occasionally at lunch or dinner to discuss with them problems, new procedures, sales programs and the obtaining of adequate merchandise. The Commissioner, in determining the deficiency, disallowed a deduction of $939.42 as business expense or loss. The amount consists of lunches and dinners $734.50, Sales Executive Club dues $60, Sales Executive Club Christmas party $80, and Fifth Avenue Public Service Bureau $64.92. No income from business was reported on that return and from the beginning of 1953 to the date of the hearing of this case, April 3, 1967, Francis had had no income from his alleged business, which he called "Productive Selling Institute." No customers or others had sought his services in any such business during that period. Francis had tried, without success, to sell its services to Mobil for $100,000 before *169 and during 1962 and thereafter for a larger amount. The services offered were "a conference type of training program in salesmanship." The expenditures in question were made to keep Francis up to date with respect to such services through membership in the Sales Executive Club and association with and entertaining of persons from the various sales fields; to give him contact with possible customers; and to maintain telephone and mail answering service. The record does not show to what extent, if any, these expenditures aided Productive Selling Institute. Francis retired from Mobil on July 1, 1966. All stipulated facts are incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner disallowed the deduction taken for contributions on the ground that the deductions were not substantiated. The uncontradicted testimony here is that the amounts claimed were paid to the organizations listed on the return. There is no reason to hold that they were not so paid and we hold that the entire amount claimed was deductible. The question in regard to Francis' expenditures in taking other key employees of Mobil and suppliers to lunch is whether they were ordinary and *170 necessary expenses of his business of earning the salary paid him by Mobil Oil Company. They were directly related to the business of Mobil but Francis felt that he should pay them because he needed the help which he received from these guests in his business of performing services for and receiving his salary from Mobil. It has been held repeatedly that a payment by an employee in connection with the business of his employer is not a necessary business expense of the employee if his employer would have reimbursed him for the expenditure had he asked his employer to reimburse him. Hal E. Roach, 20 B.T.A. 919, 925; Glendinning, McLeish & Co., 24 B.T.A. 518, affd. 61 F. 2d 950; Horace E. Podems, 24 T.C. 21, 23; William C. Stolk, 40 T.C. 345, 356, affd. per curiam 326 F. 2d 760. The parties here have stipulated that Mobil would have reimbursed Francis for the $365 had he requested reimbursement. No part of that amount is deductible as an ordinary and necessary expense of Francis' business. Section 162 allows "as a deduction all the ordinary and necessary expenses paid or incurred in carrying on any trade *171 or business." Section 165 allows an individual a deduction for losses incurred in a trade or business. The Commissioner determined that the expenditures which the petitioners seek to deduct with respect to "Productive Selling Institute" are not deductible. That determination is presumed to be correct and the petitioners have the burden of proof to show that they are deductible. They have failed to sustain that burden. They have not shown that they were ordinary and necessary expenses paid in carrying on any trade or business during 1962 within the meaning of section 162 nor were they losses incurred in a trade or business within the meaning of section 165. Francis apparently hoped to carry on a business "of a conference type of training program in salesmanship" and he may have had some ability in that field. However, his hopes were never realized and he never carried on any such business in 1962, or in the ten years prior thereto. Even an incorrigible optimist might be unable to regard the expenditures in question as ordinary and necessary expenses of carrying on a business when no such business existed. "Ordinary" means customary, usual, regular, normal, common, unexceptional. *172 The expenditures here do not qualify as ordinary and they were not necessary to the carrying on of any existing business. The petitioners have failed to show that the Commissioner erred in disallowing them as a deduction from income in this case. Decision will be entered under Rule 50.