T.C. Memo. 1995-562


UNITED STATES TAX COURT


JOSEPH J. JAMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25196-92.              Filed November 27, 1995.


Joseph J. James, pro se.

<u>Michael D. Baker</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for 1986 of $8,414 and an addition to tax for substantial understatement of tax under section 6661[1] of $2,104.

---

[1]    All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The issues for decision are: (1) Whether petitioner substantiated any rental expenses in excess of those allowed by respondent. We find that he did to the extent stated herein. (2) Whether petitioner is entitled to deduct more than 50 percent of the expenses attributable to two rental properties he held as a cotenant, where he paid all the expenses. We hold that he is not.[2] (3) Whether petitioner is liable for additions to tax for substantial understatement of tax under section 6661. We hold that he is to the extent stated herein.

In the petition, petitioner challenged the disallowance of a portion of his charitable contribution. Petitioner did not address this issue at trial or on brief. Thus, we find petitioner has abandoned this claim. Rule 151(e)(4) and (5); Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989).

FINDINGS OF FACT

The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioner resided in Richmond, Virginia. Petitioner is single and filed an individual Federal income tax return for the year at issue.

---

[2] Respondent concedes that, if the Court determines that petitioner is entitled to only 50 percent of the deductions arising from the properties held in cotenancy, petitioner should report only 50 percent of the income arising from such properties.

Petitioner filed his 1986 Federal income tax return on April 20, 1990.

Petitioner reported all income and deducted all expenses on six rental properties in Philadelphia, Pennsylvania, all of which showed a loss. Petitioner was the sole owner of four of these properties.

Petitioner owned 4512 Kingsessing with his mother, Frances James Moore, as tenants in common. Petitioner and his sister Brenda Pitt owned 4514 Kingsessing as tenants in common. Both women were on public assistance, and petitioner wanted to provide a place for them to live. Petitioner provided the downpayment on each property and made the mortgage and escrow payments for taxes and insurance from his own funds. The mortgagee's records for 4512 Kingsessing are in the names of Frances James Moore or Joseph J. James. We assume the mortgage for 4514 Kingsessing with Brenda Pitt is similar.

Each of the Kingsessing properties consisted of three units. Ms. Moore lived in one of the units at 4512, and Ms. Pitt lived in a unit at 4514. The remaining units were rented to others and managed by the two women. The women kept up the yards, interviewed tenants, cleaned vacant apartments, collected some of the rents on petitioner's behalf (some tenants sent their rent directly to petitioner), paid the bills, caused repairs to be made, and were accountable to petitioner. Ms. Moore deposited the rental income in a special joint checking account in the

names of herself and petitioner. She wrote checks for expenses, including some checks to "cash".

During the year in issue, petitioner lived at the West Hortter property until October 1986, when he moved to Texas. The property was then converted to rental property. Also in the fall of 1986, petitioner's mother and sister moved to his property at 10 Church Road, where they continue to reside and to pay rent. They continued to manage petitioner's properties at Kingsessing and his other properties as well.

On his Federal income tax return, petitioner reported all of the rental income and claimed all of the expenses associated with the Kingsessing properties. Neither Ms. Moore nor Ms. Pitt filed a Federal income tax return for 1986.

In the notice of deficiency, respondent allowed all the amounts claimed for the property on North Walnut Street. She disallowed 50 percent of the expenses claimed on the Kingsessing Avenue properties, on the theory that petitioner had only a 50-percent interest. Some other expenses for those and the remaining properties were disallowed for lack of substantiation. Respondent made concessions in the stipulation and on brief, with regard to items substantiated by petitioner close to or at time of trial.

The chart below reflects total substantiated expenses:

| Description | 4512 Kingsessing | 4514 Kingsessing | 400 West Hortter | Week 17 Unit 316 | 10 Church Road |
|---|---|---|---|---|---|
| Auto Expense | -- | -- | -- | -- | -- |

| Clean & Maint. | $83 | $45 | -- | $229 | -- |
|---|---|---|---|---|---|
| Insurance | 776 | 198 | $72 | -- | $130 |
| Interest | 3,373 | 6,380 | 330 | 600 | 2,309 |
| Repairs | 198 | 355 | 391 | -- | 200 |
| Taxes | 601 | 601 | 84 | -- | 429 |
| Utilities | -- | 187 | 13 | -- | -- |
| PMI | 67 | 266 | -- | -- | 126 |
| Other | 70 | 30 | 87 | -- | 24 |
| sub-total | 5,168 | 8,062 | 977 | 829 | 3,218 |
| Depreciation | 449 | 2,209 | 365 | 461 | 3,625 |
| Total | 5,617 | 10,271 | 1,342 | 1,290 | 6,843 |

OPINION

As a general rule, herein applicable, the taxpayer has the burden of proving that the Commissioner erred in her determinations.  Rule 142(a).

Substantiation of Rental Expenses

In the stipulation of facts and in respondent's brief, respondent conceded numerous deductions.

In addition, petitioner submitted a number of illegible receipts and slips of paper with handwritten itemizations and totals but without supporting documents.  Other documents submitted were duplications of amounts that had already been allowed or stipulated.  Some were undated receipts, were for years not in issue, or did not reveal for which property work was done or what work was done.  However, based upon the testimony of witnesses and some documents, we find that petitioner has substantiated these additional items:

4512 Kingsessing - Repairs of $198, consisting of paint ($40) and window guards ($158); and "other" of $70, consisting of

a certificate of occupancy fee ($30) and newspaper advertising ($40).

4514 Kingsessing - Repairs of $355. We estimate this amount based on testimony and some written records. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). We also allow utilities of $187, based on electric bills for public lighting for the common area. We disregard other electric bills at this address, because they pertain to Ms. Pitt's personal living quarters.

10 Church Road - Repairs of $200. See id.

400 W. Hortter - Repairs of $391, consisting of expenses for a refrigerator. Although the receipt was in the tenant's name, we are satisfied by the testimony, and by the fact that the receipt was in petitioner's possession, that it was a legitimate rental expense.

We sustain respondent's determinations as to depreciation.

Ownership of Rental Properties--4512 and 4514 Kingsessing

Although the amounts set out above have been substantiated, respondent contends that petitioner's deductions pertaining thereto should be limited to 50 percent. The properties at 4512 and 4514 Kingsessing are owned by petitioner and his mother and sister, respectively, as cotenants. Petitioner argues that, since he purchased the properties with his own funds and paid all the expenses connected therewith, he should be entitled to claim

all of the deductions.  For the reasons set out below, we agree with respondent.

In Estate of Boyd v. Commissioner, 28 T.C. 564 (1957), the issue presented was whether the taxpayer could deduct 100 percent of the repair expenses arising from property that he owned as a cotenant with a trust, when he paid 100 percent of such expenses. We found that it was a fundamental rule of New Jersey State property law that "co-owners share necessary expenses of the repair of the common property in proportion to their ownership. A tenant in common, who makes necessary repairs on the common property, is entitled to reimbursement from other co-tenants." Id. at 565-566 (citations omitted).  Accordingly, we found that, under Federal tax law, "one-half of the repair bill is not the 'ordinary and necessary expenses' of the co-tenant who paid the entire bill."  Id.  Thus, we held that "Each cotenant owned separate property interests in the common property that produced separate income to each, and the separate expenses that are deductible by each is the portion of the entire expenses which each separate interest bears to the whole, and no more."  Id. at 566; see also Conte v. Commissioner, T.C. Memo. 1981-571.

Since petitioner's cotenants could be required to reimburse him for his payment of a nonproportionate share of the repair expenses arising from the properties held in cotenancy, petitioner is not entitled to deduct more than his proportionate

share of such expenses.[3]  Estate of Boyd v. Commissioner, supra;
see In re Sivak's Estate, 359 Pa. 194, 58 A.2d 456 (1948).

The expenses at issue in Boyd involved only repairs; here,
we must also deal with the deductibility of interest and taxes.
We addressed the deductibility of a cotenant's nonproportionate
payment of interest and taxes in the case of Cothran v.
Commissioner, 57 T.C. 296 (1971).  In Cothran, we held that a
cotenant who paid 100 percent of the interest and taxes arising
from property held in cotenancy was allowed to claim only 50
percent of such payment as deductible interest and taxes.  Id. at
301; see also Rev. Rul. 62-39, 1962-1 C.B. 17.[4]

Based on the foregoing, we hold that petitioner is entitled
to deduct only his proportionate share of the expenses arising

---

[3]  We note that, in fact, petitioner did receive significant
contribution from his cotenants, since he received their share of
the rental income.

[4]  Compare Conroy v. Commissioner, T.C. Memo. 1958-6 and Powell
v. Commissioner, T.C. Memo. 1967-32, where we held that a
cotenant may deduct more than his proportionate share of interest
and taxes arising from property held in cotenancy, where the
cotenant paid such expenses to avoid personal liability or to
preserve his interest in cotenancy property.  Petitioner had no
legal obligation to pay more than his share of the taxes under
Pennsylvania law, and Pennsylvania law would not divest
petitioner of his cotenancy interest for his cotenants' failure
to pay their proportionate share of the taxes.  72 Pa. Cons.
Stat. Ann. secs. 5968 and 5969 (1995).  Moreover, Pennsylvania
law provides that a cotenant who pays more than his proportionate
share of mortgage interest is entitled to reimbursement for the
payments in excess of his proportionate share.  Weiskircher v.
Connelly, 248 Pa. 327, 93 A. 1068 (1915).  In fact, petitioner
did receive contribution from his cotenants, see supra note 3.
Accordingly, the cases of Conroy and Powell are distinguishable.

from the property held in cotenancy, even though he paid the full amount of such expenses.[5]

## Additions to Tax--Substantial Understatement

Section 6661(a) provides that if there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement. Pallottini v. Commissioner, 90 T.C. 498 (1988). The amount of the understatement is equal to the excess of the amount of tax required to be shown on the return for the tax year, less the amount of the tax shown on the return. Woods v. Commissioner, 91 T.C. 88, 94 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $5,000. Sec. 6661(b)(1).

Petitioner has not shown that he comes within any exception to section 6661. If, under a Rule 155 computation, the recomputed deficiency satisfies the statutory percentage or amount, petitioner will be liable for this addition to tax.

To reflect the foregoing,

---

[5] Petitioner's satisfaction of the full amount of the expenses associated with the cotenancy properties no doubt conferred a benefit on his cotenants in the nature of either income, a loan, repayment of a loan, or a gift. See Old Colony Trust Co. v. Commissioner, 279 U.S. 716 (1929); Rev. Rul. 62-39, 1962-1 C.B. 17. However, the record is void of any evidence that would enable us to decide which of the above classifications pertains to the case before us, nor is such a decision necessary.

- 10 -

Decision will be entered under Rule 155.