J-A14022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS MCCLOSKEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL THOMAS, | : | |
| | : | |
| Appellant | : | No. 1496 WDA 2018 |

Appeal from the Judgment Entered, November 21, 2018,
in the Court of Common Pleas of Washington County,
Civil Division at No(s): 2016-1897.

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 26, 2019**

Michael Thomas seemingly appeals from a judgment entered following the trial court's denial of his post-trial motions. Due a procedural oversight by the trial court, we lack appellate jurisdiction and must quash this appeal.

This case, a business-entity dispute between Mr. Thomas and his associate, Thomas McCloskey, began when Mr. McCloskey sued Mr. Thomas. The complaint originated in arbitration and alleged that Mr. Thomas violated their unwritten partnership agreement. Mr. Thomas then filed an answer, new matter, and counterclaim. His counterclaim stripped the arbitrator of subject-matter jurisdiction, because it alleged that he and Mr. McCloskey had converted the partnership into a corporation and demanded an accounting of the corporate assets, a claim based in equity.

Following a bench trial, the court delivered no decision on Mr. Thomas' counterclaim and, instead, only rendered a judgment on the complaint. As such, the counterclaim, seeking an equitable accounting from Mr. McCloskey, still sits undecided in the trial court's original jurisdiction. By mistakenly delivering only a half decision, the trial court deprived us of appellate jurisdiction under Pennsylvania Rule of Appellate Procedure 341.[1]

Our appellate jurisdiction only extends to "(1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order." *Chase Manhattan Mortg. Corp. v. Hodes*, 784 A.2d 144, 144 (Pa. Super. 2001). "If any claim remains outstanding and has not been disposed of by the trial court, then it does not matter whether the claim is classified as a counterclaim or a bifurcated claim, for the result is the same: this Court lacks jurisdiction to entertain the appeal unless the appeal is interlocutory or we grant permission to appeal." *Levitt v. Patrick*, 976 A.2d 581, 588 (Pa. Super. 2009).

The only possible appealable order from the above list that could be present here would be a "final order," because the prothonotary entered

---

[1] "The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief." *Robinson v. Pennsylvania Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990). This Court "may always consider that question on our own motion." *Kapcsos v. Benshoff*, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*). A jurisdictional issue presents us with "a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." *Id.*

judgment following denial of post-trial motions. Rule 341 defines final orders as those that, among other things, "dispose of **all** claims . . . ." Pa.R.A.P. 341(b)(1) (emphasis added). Specifically, the Notes to the Rule explain that the term "final order" excludes one adjudicating "a complaint but leaving pending a counterclaim." Pa.R.A.P. 341, Note.

Mr. Thomas filed a counterclaim for an accounting, but the trial court's decision mentions it only tangentially. Memorandum and Non-Jury Decision, 8/29/18, at 5. The court neither analyzed that counterclaim nor entered a decision on it. Instead, the trial court found "in favor of the plaintiff, Thomas McCloskey, and against the defendant, Michael Thomas." *Id.* at 7.

But Mr. Thomas is not just the defendant. He is also the counterclaim-plaintiff, and the decision fails to address his counterclaim.

Mr. McCloskey argues Mr. Thomas waived this issue, because he did not raise it in post-trial motions. **See** McCloskey Brief at 10. Mr. McCloskey's attempt at waiver is unavailing. As we have explained, the non-adjudication of the counterclaim deprives this Court of appellate jurisdiction, which we may raise *sua sponte*. **See Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*); **see also Nicoletti v. Allegheny Cty. Airport Auth.**, 841 A.2d 156, 164 n.17 (Pa. Cmwlth. 2004) (noting that "[i]t is well settled that questions of jurisdiction can never be waived, and they may be raised at any time by the parties or *sua sponte* by an appellate court.") Thus, the trial court's procedural misstep rises to the level of a non-waivable, jurisdictional issue.

In sum, the trial court did not "dispose of all claims."  Pa.R.A.P. 341(b)(1).  The order denying post-trial motions is therefore not a final order: this appeal is premature.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/26/2019