J-S54032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARDELL J. LONG-TEMPLE AND WILLIAM K. TEMPLE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 582 MDA 2019 |
| RAMONA HOLDER | : | |

Appeal from the Judgment Entered April 9, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
10420-2016

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 25, 2020**

Appellants, Ardell J. Long-Temple and William K. Temple, appeal from the April 9, 2019 Judgment entered in the Luzerne County Court of Common Pleas in this Partition action. After careful review, we are constrained to quash this appeal.

The relevant facts and procedural history are briefly as follows.  On January 15, 2016, Appellants and Appellee, Ramona Holder, purchased an investment property located at 44 Walnut Street, Wilkes-Barre, Luzerne County for $65,000.  The business relationship between the parties soured, and, on October 7, 2016, Appellants *pro se* filed a Complaint against Appellee

seeking repayment of $21,666.33 plus interest Appellants alleged Appellee owed them.[1]

On December 14, 2016, Appellee filed an Answer, New Matter, and Counterclaim in Partition. Relevantly, in her Counterclaim, Appellee sought, *inter alia*, a determination from the trial court of her ownership interest in the property and an order of Partition. Counterclaim, 12/14/16, at 5. Appellants filed an Answer to Appellee's New Matter on December 15, 2016.

On January 24, 2017, the trial court entered a "Preliminary Conference Order and Appointment of Master in Partition." This Order appointed Michael Hudacek, Esquire as Master and directed him to "hear all issues in Partition pursuant to Pa.R.C.P. 1557 and 1559" and to "take such examinations and hold such hearings as may be necessary to resolve:"

(a) [t]he fair market value of the subject property;

(b) [t]he mortgages, liens, encumbrances or charges[,] which affect the subject property and the amount due[] thereon;

(c) what costs and counsel fees shall be paid and by whom;

(d) whether the property can be divided without prejudice to or spoiling of the whole;

(e) whether the property shall be offered at private sale confined to the parties pursuant to Pa.R.C.P. No. 1563)(a);

(f) if a private sale confined to the parties cannot be confirmed, whether the property shall be sold at public sale or at private sale not fined to the parties pursuant to Pa.R.C.P. 1668;

---

[1] Appellants proceeded *pro se* before the trial court until counsel entered his appearance on October 12, 2018.

- 2 -

(g) to hold and conduct such public or private sale, to sign any and all documents on behalf of either, or both, of the parties including the sales agreement and deed, to complete such sale, to take control of the monies from said sale, to pay any and all debts related to the property, to determine what attorney fees are due and who shall pay them and to divide the balance between the parties as said Master believes is just and proper.

Order, 1/24/17, at 1-2.

The Master held hearings on the Partition claim on June 8, 2017, July 14, 2017, and September 6, 2017.[2]

After considering the evidence put forth by the parties and briefing by the parties, on February 16, 2018, the Master issued his Recommendation in which he concluded, *inter alia*, that the property was incapable of division without prejudice. Recommendation, 2/16/18, at 3 (unpaginated). He, therefore, awarded the property "among the parties with provisions for owelty."[3] ***Id.*** In particular, the Master recommended that the property should be awarded to Appellants subject to their payment of $25,264.33 to Appellee. ***Id.*** at 8.

On February 26, 2018, Appellee filed Exceptions to the Master's Recommendation in which she claimed that, in calculating the owelty owed to

---

[2] Pursuant to a stipulation by the parties, the Master also hired an appraiser to appraise the property, and such appraisal took place.

[3] "Owelty" is the term used to describe the amount of money one co-owner of property must pay to another co-owner of property so that each co-owner receives the value of their ownership share of the property.

her, the Master had underestimated the value of the labor and other expenditures she had contributed to the property.

On March 1, 2018, the trial court entered an Order remanding the matter to the Master for further findings of fact related to Appellee's Exceptions.[4]

On remand, the Master held a hearing on June 6, 2018, at which he heard additional testimony and considered additional evidence of the value of Appellee's contributions to the ownership and maintenance of the property. On August 21, 2018, the Master entered his Recommendation Following Remand, in which he concluded that Appellee was entitled to the increased owelty of $50,225.34.

On August 29, 2018, Appellants filed Exceptions to the Master's Recommendation Following Remand. On September 13, 2018, the trial court entered an Order adopting the Master's Recommendation of February 16, 2018, as amended by the August 21, 2018 Recommendation Following Remand.

On March 1, 2019, the Master filed a Petition for Return of Sale pursuant to Pa.R.C.P. 1573. In the Petition, the Master represented to the court that he had received and held in escrow a check in the amount of $50,225.34 from

_____

[4] On March 8, 2018, Appellants filed Exceptions to the Master's Recommendation. On March 14, 2018, Appellee requested that the court dismiss Appellants' exceptions as null and void as the trial court had already ordered the matter remanded to the Master for further findings of fact.

Appellants' counsel, and had received an executed deed from Appellee to effectuate the transfer of her interest in the property. He, thus, requested that the court confirm the sale and transfer of the property between the parties. The trial court entered an Order granting the Petition that same day.

On March 12, 2019, Appellants filed a "Motion for Post-Trial Relief" in which they argued that the trial court erred by granting Appellee's Exceptions to the Master's Recommendation and by denying Appellants' Exceptions to the Master's Recommendation Following Remand. The trial court denied Appellants' "Motion for Post-Trial Relief" that same day. On April 9, 2019, Appellants filed a *Praecipe* for Entry of Judgment on the trial court's March 1, 2019 Order approving the Return of Sale.

This appeal followed. Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

Appellants raise the following issue on appeal:

> Did the lower court err by granting [Appellee's E]xceptions to the original report of the [M]aster in [P]artition, and by denying [Appellants' E]xceptions to the modified report of the [M]aster in [P]artition, resulting in an erroneous calculation of owelty in which all factors weighing in [Appellants'] favor were omitted?

Appellants' Brief at 3.

Before we address the merits of Appellants' issue, we first consider, *sua sponte*, whether we have jurisdiction over this matter. ***Kapcsos v. Benshoff***, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of

- 5 -

review plenary." ***Commonwealth v. Seiders***, 11 A.3d 495, 496–97 (Pa. Super. 2010).

"Partition is a possessory action; its purpose and effect being to give to each of a number of joint owners the possession [to which] he is entitled ... of his share in severalty ... The rule is that the right to partition is an incident of a tenancy in common, and an absolute right." ***Lombardo v. DeMarco***, 504 A.2d 1256, 1260 (Pa. Super. 1985) (citations omitted). "The purpose of partition is to afford those individuals who no longer wish to be owners the opportunity to divest themselves for a fair compensation." ***Russo v. Polidoro***, 176 A.3d 326, 329 (Pa. Super. 2017) (citation omitted). Any one or more co-tenants may bring an action for partition, and all other co-tenants must be joined as defendants. Pa.R.C.P. 1553.

The Rules of Civil Procedure provide the procedural framework for a partition action. Relevantly, Rule 1557 states:

> If the court determines that there shall be partition because of a default or admission or after a hearing or trial, the court shall enter an order directing partition which shall set forth the names of all the co-tenants and the nature and extent of their interests in the property.

Pa.R.C.P. 1557.

Rule 1558 then provides that, "**after the entry of the order directing partition**" **and the parties' appearance at a preliminary conference**, the court "may appoint a master to hear the entire matter or to conduct any sale, or to act upon only specified issues or matters relating to the carrying out of the order of partition." Pa.R.C.P. 1558(a), (b) (emphasis added). Rules 1569

- 6 -

and 1570 delineate the court-appointed master's responsibilities, directing that the master file a report including findings of fact and an order specifying the master's recommended method of partition.

Interpreting the interplay of these procedural rules, this Court, in **Kapcsos**, recently explained the law of partition procedure as consisting of "two, distinct, chronological parts[,]" each of which "must produce its own, distinct, appealable order." **Kapcsos**, 194 A.3d at 141. The first, predicate part, "directs partition of the parties' legal interests into severalty." **Id.** at 142 (citing Pa.R.C.P. 1557). In other words, the court, pursuant to Rule 1557, must first determine whether the property is capable of partition under law by assessing: (1) whether the parties jointly own the property; and, if so, (2) what fractional legal interest each owner holds. **Id.** Rules 1557 and 1558 are clear that, once the court makes this determination, the court must enter an order so reflecting, and only afterward may it appoint a master. **See** Pa.R.C.P. 1557, 1558

According to the **Kapcsos** Court, only after the Rule 1557 Order becomes final—either because no party appeals[5] it or an appellate court

---

[5] A Rule 1557 Order directing partition and delineating the names and ownership interests of the parties is an interlocutory Order appealable as of right pursuant to Pa.R.A.P. 311(a)(7). **Kapcsos**, 194 A.3d at 142.

affirms it—can the trial court proceed to determine in which manner it will partition the property pursuant to Rule 1570.[6] **Kapcsos**, 194 A.3d at 142.

In **Kapcsos**, the trial court neglected to enter the requisite Rule 1557 order before proceeding to Rule 1570 proceedings and conditionally awarding the property to Kapcsos subject to, *inter alia*, payment of owelty to Benshoff. Benshoff appealed to this Court. An *en banc* panel of this Court unanimously quashed the appeal, reasoning:

> [A Rule 1557] order **must** precede [a Rule 1570 order]. [The] failure of the parties to secure and record a [Rule 1557] order partitioning the property deprived the trial court of jurisdiction to conduct [Rule 1570 proceedings]. If the property is never partitioned via a [Rule 1557] order, the court has nothing to divvy-up in [pursuant to Rule 1570], because the parties still own undivided interests in the whole. A [Rule 1557] order must first disentangle their legal interests and extinguish rights of survivorship. Also, recording a [Rule 1557] order is absolutely imperative to protect the various rights of the parties and their heirs.

**Id.** at 145 (emphasis added). **See also Zablocki v. Beining**, 155 A.3d 1116, 1117-18 (Pa. Super. 2017) (where this Court quashed an appeal from a Rule 1570 order because the trial court had not first entered a Rule 1557 order.)

The **Kapcsos** Court, thus, concluded that, by failing to enter a Rule 1557 order dividing their legal interests into severalty, the court did not complete that requisite phase of the proceedings. Therefore, the distribution scheme it

---

[6] "A Rule 1570 order may (1) divide the partitioned property among the parties, (2) force one or more of the parties to sell their interest in the land to one or more of the parties, or (3) sell the land to the general public and distribute the proceeds among the parties." **Kapcsos**, 194 A.3d at 142.

established was a nullity, and this Court lacked jurisdiction to entertain the appeal. *Id.*

Instantly, our review of the record reveals that the trial court failed to enter the requisite Rule 1557 Order before entering the separate and distinct Rule 1570 Order. Rather, on January 24, 2017, prior to entering an Order "determin[ing] that there shall be partition" and dividing the property into severalty pursuant to Rule 1557, the trial court entered a Rule 1558 Order appointing a Master. Then, after conducting evidentiary hearings and considering the parties' Briefs, the Master issued a Recommendation and revised Recommendation—adopted by the trial court on September 13, 2018—determining that the property is incapable of division, memorializing the $91,000 appraisal value of the property, and ascertaining the owelty owed to Appellee.[7] Importantly, the court never entered a Rule 1557 Order determining whether the parties jointly own the property and, if so, the fractional legal interest each owner holds, and dividing their legal interests into severalty. Thus, as in *Kapcsos* and *Zablocki*, the trial court's September 13, 2018 Order adopting the Master's Recommendation is a nullity, and we are constrained to quash this appeal.

Appeal quashed.

_____

[7] The Master noted in his February 16, 2018 Recommendation that he had considered the factors set forth in Rule 1570 when making his determination. In particular, the Master considered Rule 1570(a)(1) (relating to whether the property is capable of division; 1570(a)(4) (relating the existence of any mortgages, liens, or other encumbrances on the property); and 1570(a)(5) (related to any credits owed from one co-owner to another).

Judge Bowes joins the memorandum.

Judge Lazarus files a concurring memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/25/2020