J-S38018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RAFAEL VARGAS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| UNITED MODULAR ENTERPRISES | : | |
| AND WILLIAM FERTSCH AND JOHN | : | |
| DOES | : | No. 1167 EDA 2023 |

Appeal from the Order Entered April 4, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2022-05051

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.*

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED DECEMBER 14, 2023**

Rafael Vargas appeals from the order that sustained the preliminary objections dismissing two out of seven Defendants, United Modular Enterprises, LLC ("UME") and William Fertsch.  Because the order did not dispose of all parties, we quash the appeal as premature.

On February 20, 2019, Mr. Vargas was injured in a car accident with Mr. Fertsch.  Mr. Fertsch was driving a truck for UME.

Almost two years later, on February 12, 2021 Mr. Vargas filed a complaint alleging negligence against UME, Mr. Fertsch, and "John Does 1-5." Complaint at 3.  Mr. Vargas described the five John Does as "persons and/or companies, whose identities are presently unknown . . . whom were in any way responsible for the aforementioned incident and/or had an agency relationship with Defendant(s)." *Id.*  Originally, he filed the Complaint in the Court of Common Pleas of Philadelphia.  However, that court ruled that it was

_____

* Retired Senior Judge assigned to the Superior Court.

an improper venue and transferred the matter to the Court of Common Pleas of Bucks County.

Following transfer, UME and Mr. Fertsch filed preliminary objections to Mr. Vargas' Third Amended Complaint. That operable complaint still included five John Does as Defendants to this action. The trial court sustained the preliminary objections of UME and Mr. Fertsch, based upon its finding of untimely service of process by Mr. Vargas.

Notably, Mr. Fertsch has yet to identify any John Doe, and no John Doe filed an appearance or preliminary objections to the operable complaint. Also, Mr. Vargas did not discontinue the action against the five John Does. Instead, he immediately appealed from the order sustaining UME and Mr. Fertsch's preliminary objections and dismissing his complaint with prejudice as to those two Defendants.

"[T]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order." **Stahl v. Redcay**, 897 A.2d 478, 485 (Pa. Super. 2006). Although the parties have not raised the issue of jurisdiction, this Court "may always consider that question on our own motion." **Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*). A jurisdictional issue presents us with "a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Id.**

This Court's appellate jurisdiction only extends to "(1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order."

***Chase Manhattan Mortgage Corp. v. Hodes***, 784 A.2d 144, 144 (Pa. Super. 2001). "A final order is one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination." ***Stahl***, 897 A.2d at 485.

Here, only two out of seven Defendants in Mr. Vargas' Third Amended Complaint appeared and filed preliminary objections. Thus, the trial court's order sustaining preliminary objections addressed only those two Defendants and dismissed the complaint with prejudice as to them. The appealed-from order did not dispose of ***all the parties*** and all the claims in the lawsuit Mr. Vargas filed. ***See Stahl***, ***supra***. Additionally, the order is not immediately appealable by statute, nor did the trial court make a specific determination that the order was a final one. [1]

In short, Mr. Vargas' claims against the five John Does remain pending before the trial court. Because the order in question is not a final order, we lack appellate jurisdiction at this time.

Appeal quashed.

---

[1] Moreover, the order clearly does not meet the definition of a collateral order. ***See*** Pennsylvania Rule of Appellate Procedure 313(b). Nor is it an interlocutory order that was appealable as of right by operation of law.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/14/2023