J-A06023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| KILEY M. POLLIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN T. NOVAK | : | No. 306 WDA 2025 |

Appeal from the Order Entered February 20, 2025
In the Court of Common Pleas of Lawrence County Civil Division at
No(s):  10431 of 2021 C.A.

| KILEY M. POLLIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN T. NOVAK | : | |
| | : | |
| Appellant | : | No. 416 WDA 2025 |

Appeal from the Order Entered February 20, 2025
In the Court of Common Pleas of Lawrence County Civil Division at
No(s):  2021-10431

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

JUDGMENT ORDER BY MURRAY, J.:　　　　　**FILED:  February 23, 2026**

Kiley M. Pollio (Appellant) sought the partition of two parcels of real property held by Appellant and John T. Novak (Novak), an unmarried couple, as joint tenants with survivorship rights:[1] (a) real property and a residence

---

[1] The deeds for the properties, attached to the complaint, confirm the joint tenancies with rights of survivorship.  The parties do not contest this issue.

located at 2413 Snake Run Road, Wampum, Pennsylvania (Parcel 1); and (b) real property and a residence located at 1166 River Run Road, Freeport, Pennsylvania (Parcel 2). Although neither party challenges our jurisdiction, we consider that question *sua sponte*. **See Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*) (stating a court may raise the issue of its own jurisdiction). We raise the issue of our jurisdiction now, because we have uncovered a procedural error in the record that prevents us from addressing the merits of this appeal.

Appellant filed the instant partition action on May 25, 2021. On January 18, 2023, the trial court entered an order scheduling a

> bifurcated hearing … to determine the allowable contributions by either party to the purchase of the properties, capital improvements to the properties[,] and expenses necessitated to preserve the value of the properties ….

Trial Court Order, 1/18/23, ¶ 1. The trial court conducted a "partition trial" on August 21, 2024. On October 25, 2024, the trial court entered an order stating, in relevant part, the following:

> This [c]ourt finds that Parcel [] 2 …, which consists of a single-family residence on a residential parcel of land[,] is not capable of division without prejudicing or spoiling the whole.

Trial Court Order, 10/25/24, ¶ 7. Notwithstanding this statement, the trial court issued no statement or order partitioning Parcel 1 or Parcel 2.[2]

---

[2] The trial court further entered no order regarding whether Parcel 1 is capable of division without prejudicing or spoiling the whole.

Relevant to this appeal, on February 20, 2025, the trial court entered an order directing the parties to list Parcel 2 for sale with a real estate broker, and to sell the property at the highest offer exceeding $535,000.00.[3] Trial Court Order, 2/20/25. On March 12, 2025, Appellant filed the instant appeal of the trial court's February 20, 2025 order; Novak filed a cross-appeal.

As this Court has recognized,

> [Pennsylvania Rules of Civil Procedure 1551-1574] split a partition action into two, distinct, chronological parts. … **Each part, by rule, must produce its own, distinct, appealable order.**
>
> **The first order, under Pa.R.C[].P. 1557, directs partition of the parties' legal interests into severalty**….
>
> The second order, under Pa.R.C[].P. 1570, does one of three things. A Rule 1570 order may (1) divide the partitioned property among the parties, (2) force one or more of the parties to sell their interest in the land to one or more of the parties, or (3) sell the land to the general public and distribute the proceeds among the parties.

*Kapcsos*, 194 A.3d at 141-42 (emphasis added). In *Kapcsos*, the parties did not seek, and the trial court did not enter, a Part 1 order partitioning the property or directing the recording of the partition on the respective deed. The *en banc* Court explained that

> [A] Part 1 order must precede Part 2. In addition, … the failure of the parties to secure and record a Part 1 order partitioning the property deprived the trial court of jurisdiction to conduct Part 2. If the property is never partitioned via a Part 1 order, the court has nothing to divvy-up in Part 2, because the parties still own *undivided* interests in the whole. A Part 1 order must first

---

[3] The parties previously agreed to allow Appellant to purchase Parcel 1 for $550,000.

disentangle their legal interests and extinguish rights of survivorship. Also, recording a Part 1 order is absolutely imperative to protect the various rights of the parties and their heirs.

*Id.* at 145 (emphasis omitted). The **Kapcsos** concluded that the complete failure to adhere to the Rules of Civil Procedure rendered the trial court's Part 2 order a nullity, and required this Court to quash the appeal for lack of jurisdiction. **See id.** at 145.[4]

Instantly, our review discloses that the trial court did not enter or record a Part 1 disentangling the parties' legal interests and extinguishing their survivorship rights. While the parties do not contest that the parties are joint tenants with survivorship rights, the absence of a Part 1 order deprived the trial court of jurisdiction to enter its subsequent Part 2 order. Pursuant to **Kapcsos**, the trial court's Part 2 order constitutes a nullity and is not a final

---

[4] Since joint tenancy with survivorship is established by the pleadings, the parties each own a 100% undivided interest in the property. **See Kapcsos**, 194 A.3d at 142. Thus, having established a right to partition under Rule 1557, the court should enter and record a partition order with the names of all co-tenants and the nature and extent of their property interests. No exceptions may be filed to such an order. **Id.** This determination is appealable by any party under Pa.R.A.P. 311(a)(7) (permitting interlocutory appeals as of right). Once the Rule 1557 partition order becomes final (either because no one appeals or an appellate court affirms it), the court may go on to the part two order, where the actual division, award, or sale of the partitioned property occurs. **See id.**

order.  ***See id.***  Because there is no final order before this Court, this case is stricken from the argument list, and the appeal is **quashed.**

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  2/23/2026